UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.  ) | Case No. 4:14 CR 88 RWS |
| ) | |
| ANDRE ALPHONSO RUSH, ) | |
| ) | |
| Defendant. ) | |

# **MEMORANDUM AND ORDER**

Defendant Andre Alphonso Rush filed motions for compassionate release. In his motions Rush asserts that his health conditions make him highly vulnerable to experiencing severe complications if he contracts the COVID-19 virus in while incarcerated. Rush seeks a reduction in his sentence to time served or a reduction in his sentence or home confinement[1] based on "extraordinary and compelling reasons" under 18 U.S.C. § 3582(c)(1)(A) as amended by the First Step Act of 2018. I will deny Rush's motion.

On January 20, 2019, Rush pleaded guilty to conspiracy to distribute more than five kilograms of cocaine; conspiracy to distribute more than one kilogram of heroin; and discharge of a firearm in furtherance of a drug trafficking crime, aiding

---

[1] I do not have the authority to order Rush released to home confinement. United States v. Houck, 2 F.4th 1082, 1085 (8th Cir. 2021).

and abetting another and acting together, resulting in the deaths of two individuals. On June 14, 2019, I sentenced Rush to 150 months imprisonment. According to the record before the Court, Rush's projected release date is November 5, 2024.

The First Step Act of 2018 grants federal courts the authority, under certain circumstances, to reduce a defendant's sentence "when extraordinary and compelling reasons warrant" a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). The Sentencing Commission's policy statement defines "extraordinary and compelling reasons" in § 1B1.13 of the Guidelines Manual. Section 1B1.13 limits "extraordinary and compelling reasons" to five categories: (1) terminal illness, (2) debilitating medical conditions, (3) advanced age, (4) death or incapacitation of certain family members, and (5) other extraordinary and compelling reasons determined by the BOP. U.S.S.G. § 1B1.13 cmt. n.1. Because the Eighth Circuit has not yet decided whether district judges are similarly constrained by the categories enumerated in § 1B1.13, I treat those provisions as instructive, rather than binding, when evaluating motions for compassionate release. This approach is consistent with decisions from several circuit courts. See United States v. McCoy, 981 F.3d 271, 281-82 (4th Cir. 2020); United States v. Jones, 980 F.3d 1098, 1109-111 (6th Cir. 2020); United States v. Gunn, 980 F.3d 1178, 1180 (7th Cir. 2020); United States v. Brooker, 976 F.3d 228, 230 (2d Cir. 2020). If I find extraordinary and compelling reasons, I must consider the factors set forth in 18

2

U.S.C. § 3553(a) before granting early release, including that "[t]he defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." § 1B1.13.  The defendant bears the burden of showing that he is entitled to early release. United States v. Jones, 836 F.3d 896, 899 (8th Cir. 2016).

In his motions for compassionate release Rush requests a sentence reduction to time served, a reduction in his sentence, or release from custody to home confinement because he believes that his health conditions place him at greater risk of suffering severe consequences if he does contract the virus.  Rush is 56 years old and has the following health conditions: hypertension; asthma; and type 2 diabetes.  On November 8, 2020, Rush tested positive for the presence of the COVID-19 virus.  He asserts that he had symptoms of being short-winded and had a loss of taste and smell.  He has since recovered from that infection and there is not any evidence in the record that his underlying conditions were made more severe by his illness.  On April 17, 2021 and June 8, 2021, the United States Probation Office for the Eastern District of Missouri filed reports regarding Rush's medical status.  The reports indicate that Rush is being provided with medical treatment for his health conditions.  He is provided with albuterol for his asthma, lisinopril for his hypertension, and metformin for his diabetes.  Nothing in the record indicates that Rush's health conditions are not being adequately treated and

3

controlled.  Nor is there any evidence that Rush is unable to provide self-care. Rush's medical records reflect that he received the second dose of the Pfizer COVID-19 vaccine on May 28, 2021.  Rush's vaccinated status greatly reduces the risk of his experiencing severe complications if he does contract the COVID-19 virus again.  As a result, I find that Rush has not shown "extraordinary and compelling reasons" justifying a reduction in his sentence.

Moreover, in considering the sentencing factors set forth in 18 U.S.C. § 3553(a) I find that the nature and circumstances of Rush's offense under (a)(1) and the factors under (a)(2)(A), (B), and (C), and (a)(6) all weigh in favor of Rush completing his prison sentence.  Rush's plea agreement establishes that Rush knowingly acted as a distributor of heroin and cocaine and occasionally stored distribution amounts of controlled substances for a drug trafficking organization that distributed multiple kilograms of heroin and cocaine.  Rush also participated in the murder of two men related to drug trafficking.  Rush's guideline imprisonment range was 360 months to life.  He received a 150 month sentence, well below the guideline range given the nature of Rush's offenses.

I have considered the facts regarding Rush's motion, the applicable factors provided in 18 U.S.C. § 3553(a), the applicable policy statements issued by the United States Sentencing Commission, and the opinions of multiple court decisions addressing compassionate release motions based on the COVID-19 pandemic.

4

Based on the foregoing, a reduction of sentence does not appear warranted in this case under 18 U.S.C. § 3582(c).

Accordingly,

**IT IS HEREBY ORDERED that** Defendant Andre Alphonso Rush's motions for compassionate release [792, 795, 805, and 812] are **DENIED**.

**IT IS FURTHER ORDERED that** all other pending motions in this matter are **DENIED as moot**.

                                              RODNEY W. SIPPEL
                                              UNITED STATE DISTRICT JUDGE

Dated this 7th day of March 2022.